IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DONALD E. EHRHART,**

        Plaintiff,

vs.                                             No. CIV 01-0737 LCS/JHG

**CITY OF ARTESIA,**

        Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Defendant's Motion for Summary Judgment (Doc. 34), filed March 18, 2002. The United States Magistrate Judge, acting upon consent and designation pursuant 28 U.S.C. § 636(c), and having considered the briefs, submissions, relevant law, and being otherwise fully advised, finds that this Motion is not well-taken and should be **DENIED**.

**I.    Facts.**

The following statement of facts is set forth in the light most favorable to Plaintiff, with all reasonable inferences from the record drawn in his favor. *See Clanton v. Cooper*, 129 F. 3d 1147, 1150 (10th Cir. 1997). Plaintiff, born July 5, 1939, has been employed by Defendant as its Purchasing Agent since May 16, 1998. (Pl. Deposition, Def. Ex. A.) On March 17, 1998, the City posted public notice of the job opening for Purchasing Agent. (Job Posting, Def. Ex. B.) Plaintiff was interviewed by Mayor Daniel Reyes and Barbara Kilough for the position. (Pl. Deposition at 23-25, Def. Ex. A.) During the interview, there was no discussion of the salary Plaintiff might be paid if hired. (*Id.*) Defendant selected Plaintiff for the position, effective May 16, 1998, at the May 12, 1998 Artesia City Council meeting. (Minutes of May 12, 1998 Meeting, Def. Ex. D.)

William "Bill" Darr was Plaintiff's predecessor in the Purchasing Agent position. (Pl.

Deposition at 12, Pl. Ex. 4.) Mr. Darr was fifty-four years old when he retired. (Letter to EEOC from George A. Graham, Jr., City Attorney, of January 8, 2001, Pl. Ex. 5.) Plaintiff was fifty-eight years old when he was selected to replace Mr. Darr. (Pl. Deposition, Def. Ex. A.; Graham Letter, Pl. Ex. 5.) Mr. Darr was not a certified purchasing agent. (Def. Undisputed Fact, Reply No. 3.) Mr. Darr was paid $2,811.00 per month salary for the job of Purchasing Agent in accord with Defendant's Position Classification Plan. (Comp. ¶ 6, admitted in Ans. ¶ 1.) Plaintiff is not a certified purchasing agent. (Deposition of Pl. at 62-63.) Plaintiff was paid $2,193 per month salary for the job of Purchasing Agent from May 16, 1998 to September 1, 1998, and $2,303 per month thereafter. (Comp. ¶¶ 7-8, admitted in Ans. ¶ 1; Payroll Change Record, and Position Classification Plan effective 9/1/96, Pl. Ex. 8; Minutes of City Council Meeting of October 27, 1998, Pl. Ex. 9; Graham Letter, Pl. Ex. 5; and Pl. Deposition at 37-38 and 49, Pl.'s Ex. 4.)

The Position Classification Plan effective September 1, 1996, listed the salary for Purchasing Agent at $2,811 per month. (Position Classification Plan, Pl. Ex. 6.) The Position Classification Plan effective September 1, 1998, listed the salary for Purchasing Agent at $2,951 per month. (*Id.*) Plaintiff has held the position and performed the duties of Purchasing Agent from May 16, 1998 to present, however, he was paid the salary of a warehouseman, or $2,193 per month, from May 16, 1998 to September 1, 1998, and $2,303 per month thereafter. (Payroll Change Record, and Position Classification Plan effective 9/1/96, Pl. Ex. 8; Minutes of City Council Meting of October 27, 1998, Pl. Ex. 9; Graham Letter, Pl. Ex. 5; and Pl. Deposition at 37-38 and 49, Pl. Ex. 4.)

The job posting for the Purchasing Agent position did not include any information regarding the minimum training and certification requirements or the salary range for the position. (Def. Ex. B.) The job description for Purchasing Agent in effect at the time Plaintiff was hired and the current

job description do not contain a requirement that the Purchasing Agent be certified. (Purchasing Agent Job Descriptions, Pl. Exs.2 and 3.)

Plaintiff requested an increase in his salary to that of Purchasing Agent as listed in the Position Classification Plan. (Pl. Deposition at 53, 61, 62, 66, 68, and 76-77, Pl. Ex.4). Plaintiff directed his requests for a raise to Mayor Reyes, Barbara Kilough, Councilman Jimmy Boyce, and Human Resources Director Michael Shishulski. (*Id.*) Plaintiff's requests were denied on the basis that Plaintiff was not a certified purchasing agent. (Affidavit of Mayor Reyes ¶ 5, Def.'s Reply Ex. A.) Defendant claims that the certification requirement will ensure that Plaintiff will perform his duties at a high level of quality and experience. (*Id.*) Plaintiff has a good employment record and has performed satisfactory or better than satisfactory work. (Pl. Deposition at 53, 61-62, 66-68 and 76-77, Pl. Ex. 4.)

Defendant has an Employee Handbook that sets out specific policies and procedures relating to the conditions of Plaintiff's employment. (City of Artesia Employee Handbook, Pl. Ex. 1, Def. Ex. G.) The Employee Handbook states that if a grievance cannot be resolved to the employee's satisfaction, the employee shall submit a written grievance to his supervisor. (City of Artesia Employee Handbook, Def. Ex. G.) The Handbook further provides that if the supervisor is unable to resolve the problem, or takes no action within five working days, the employee shall present the written grievance to the employee's Departmental Grievance Representative, and the Representative shall present to grievance to the Grievance Committee at its next regularly scheduled meeting. (*Id.*)

Plaintiff did not submit a written grievance. (Pl. Deposition at 70.). The grievance procedure in Defendant's employee handbook does not state that it is an exclusive remedy for employees to address disputes and does not provide for appellate review of grievance committee decisions. (City

3

of Artesia Employee Handbook §§2.40.140 through 2.40.143, Pl. Ex. 1.) Plaintiff complained about his low salary to Mayor Reyes, Barbara Kilough, Councilman Jimmy Boyce, and Human Resources Director Michael Shishulski. (Pl. Deposition at 53, 61, 62, 66, 68, and 76-77, Pl. Ex. 4). After unsuccessfully rasing his claim with his superiors, Plaintiff filed a charge of discrimination with the EEOC. (Pl. Deposition at 62, Pl. Ex.4.)

## II. Procedural Background.

On June 27, 2001, Plaintiff filed his Complaint in this Court, alleging age discrimination in the terms, conditions and privileges of employment under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.§ 621 et seq. (Count I), and breach of implied employment contract under state law (Count II). On March 18, 2002, Defendant filed its Motion for Summary Judgment, arguing that it did not violate the ADEA, that it did not breach Plaintiff's employment contract, and that Plaintiff failed to exhaust administrative remedies with respect to his breach of contract claim. (Doc. 35.)

## III. Standard for Summary Judgment.

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.' " *Munoz v. St. Mary Corwin Hosp.*, 221 F. 3d 1160, 1164 (10th Cir. 2000) (quoting Rule 56(c)). When applying this standard, the Court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party. *Id*.

The movant bears the initial burden of establishing that no genuine issue exists as to any

4

material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying "a lack of evidence for the non movant on an essential element of the non movant's claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F. 3d 644, 671 (10th Cir. 1998). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F. 3d 1193, 1201 (10th Cir. 1999).

If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof. *See Munoz,* 221 F. 3d at 1164. It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co v. Zenith Radio Corp.*, 475 U.S. at 586. An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion. *See Bullington v. United Air Lines*, Inc., 186 F. 3d 1301, 1313 (10th Cir. 1999). The substantive law at issue determines which facts are material in a given case. *See Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* The district court may only consider admissible evidence submitted to defeat

summary judgment. *Starr v. Pearle Vision, Inc.*, 54 F. 3d 1548, 1555 (10th Cir. 1995); *Pastran v. K-Mart Corp.*, 210 F. 3d 1201, 1203 n. 1 (10th Cir. 2000).

**IV.    Analysis**

**A.    Whether Defendant is entitled to summary judgment on Plaintiff's ADEA claim.**

The ADEA prohibits an employer from "discharg[ing] any individual or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age...." 29 U.S.C. § 623(a)(1). In ADEA cases based on indirect evidence of discrimination, the plaintiff has the initial burden of establishing a prima facie case by a preponderance of the evidence. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-804 (1973); *Munoz,* 221 F. 3d at 1165. If the plaintiff establishes a prima facie case, then the defendant must "articulate some legitimate, nondiscriminatory reason" for the challenged personnel action. *McDonnell Douglas Corp. v. Green*, 411 U.S. at 802-804. The plaintiff then bears the ultimate burden of demonstrating that the defendant's stated reason is in fact a pretext for unlawful discrimination. *Id*. at 804.

Defendant asserts that Plaintiff has failed to establish a prima facie case under the ADEA because he presented no evidence that Defendant was motivated by age discrimination, the City Council did not direct any age related derogatory comments at Plaintiff, and Plaintiff was selected for the Purchasing Agent job over younger applicants. Defendant has misconstrued Plaintiff's claim. Plaintiff is claiming that he was paid less than his significantly younger predecessor because of his age, nothing more and nothing less. (Resp. in Opp. to Def.'s Mot. for Summ. J. at 6.) Moreover, Plaintiff may rely on indirect evidence of discrimination to meet the requirements of the *McDonald Douglas* analysis. *See Jones v. Denver Post Corp.*, 203 F. 3d 748, 753 (10th Cir. 2000). With these

clarifications, the *McDonnell Douglas* analysis will proceed.

In order to state a prima facie case for age discrimination under the ADEA, Plaintiff must show that (1) he is within the protected class (over forty years old), (2) an adverse employment action was taken against him, (3) he was doing satisfactory work at the time the adverse employment action was taken, and (4) there is some evidence that the employer intended to discriminate against him on the basis of his age. *See O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312 (1996); *Munoz,* 221 F. 3d at 1166; *Beaird v. Seagate Tech, Inc.*, 145 F. 3d 1159, 1165 (10th Cir. 1998). The plaintiff need not prove that the employee who was treated more favorably was outside the protected class (under forty), but must show that the younger worker was not "insignificantly younger" than he. *O'Connor*, 517 U.S. at 312-313.

Plaintiff's ADEA claim is based on the following evidence. Bill Darr held the position of Purchasing Agent before Plaintiff was hired effective May 16, 1998. (Graham Letter, Pl. Ex. 5.) Mr. Darr was fifty-four years old when he left the job. (*Id*.) Plaintiff was fifty-eight when he was hired. (Pl. Deposition at 52, Def. Ex. A; Graham Letter, Pl. Ex. 5.) Mr. Darr was not a certified purchasing agent. (Def. Undisputed Fact, Reply No. 3.) Plaintiff is not a certified purchasing agent. (Pl. Deposition at 62-63.) Mr. Darr was paid $2,811.00 per month salary for the job in accordance with Defendant's Position Classification Plan. (Comp. ¶ 6, admitted in Ans. ¶ 1.) Plaintiff was paid $2,193.00 salary per month, from May 16, 1998 to September 1, 1998, and $2,303 per month thereafter for the same job. (Comp. ¶¶ 7-8, admitted in Ans. ¶ 1; Payroll Change Record, and Position Classification Plan effective 9/1/96, Pl. Ex. 8; Minutes of City Council Meeting of October 27, 1998, Pl. Ex. 9; Graham Letter, Pl. Ex. 5; and Pl. Deposition at 37-38 and 49, Pl.'s Ex. 4) Plaintiff has a good employment record and has performed satisfactory or better than satisfactory

7

work. (Pl. Deposition at 53, 61-62, 66-68 and 76-77, Pl. Ex. 4.)

This evidence establishes that Plaintiff was within the protected class, that he was paid less than his predecessor and less than the amount set by the Position Classification Plan, and that he was doing satisfactory work while he was being paid at the lower salary. The fourth element was not argued and does not appear to be at issue for the purposes of summary judgment. Under these circumstances, Plaintiff has established a prima facie case of age discrimination under the ADEA.

Once the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action suffered by the plaintiff. *Gossett v. Oklahoma ex rel. Bd. of Regents for Langston Univ.*, 245 F. 3d 1172, 1176-1176 (10th Cir. 2001); *Munoz,* 221 F. 3d at 1165. The Supreme Court recently reiterated that this burden is one of production, not persuasion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000). Although intermediate evidentiary burdens shift back and forth under this framework, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.' " *Id.* (*quoting Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). Once Plaintiff has made a prima facie showing of retaliation, the burden shifts to Defendant to articulate a legitimate, non-discriminatory reason for its treatment of Plaintiff.

Defendant asserts that Plaintiff was paid less than Darr because Plaintiff is not a certified purchasing agent. Defendant has met its burden of production with respect to showing a non-discriminatory business reason for its action. The burden now shifts back to Plaintiff to demonstrate pretext.

A plaintiff can show pretext by revealing "such weaknesses, implausibilities, inconsistencies,

incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact finder could rationally find them unworthy of credence." *Morgan v. Hilti, Inc.*, 108 F. 3d 1319, 1323 (10th Cir. 1997) (quotations omitted). However, "mere conjecture that [the] employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment." *Branson v. Price River Coal Co.*, 853 F. 2d 768, 772 (10th Cir. 1988). "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves*, 530 U.S. at 148.

The plaintiff must establish "that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Reeves*, 530 U.S. at 143. A plaintiff demonstrates pretext by showing "either that a discriminatory reason more likely motivated the employer or . . . that the employer's proffered explanation is unworthy of credence." *Bullington v. United Air Lines, Inc.*, 186 F. 3d 1301, 1317 (10th Cir. 1999) (*citing Burdine*, 450 U.S. at 256). The plaintiff can avoid summary judgment only if he is able to show that a genuine dispute of material fact exists as to whether the defendant's articulated reasons were pretextual. *Munoz,* 221 F. 3d at 1165  One way to show pretext is to provide evidence that the defendant's reasons are unworthy of belief. *Goodwin v. General Motors Corp.*, 275 F. 2d 1005, 1013 (10th Cir. 2002).

In its Memorandum of Law in Support of Motion for Summary Judgment, Defendant asserted that Mr. Darr was a certified purchasing agent. (Mem. of Law in Supp. Mot. for Summ. J. at 7-8.) However, in its Reply, Defendant admits that Mr. Darr was *not* a certified purchasing agent. (Def.'s Rep. Resp. to Def's Mot. for Summ. J. at 1.) Moreover, certification was not a prerequisite for the job. The job posting for the Purchasing Agent position did not include any information regarding the

9

certification requirements for the position. (Def. Ex. B.) The job description for Purchasing Agent in effect at the time Plaintiff was hired and the current job description do not contain a requirement that the Purchasing Agent be certified. (Purchasing Agent Job Descriptions, Pl. Exs.2 and 3.)

Defendant brought up certification only after Plaintiff was hired and was told that he would be paid a lower salary than Mr. Darr. (Pl. Deposition at 48-49 and 60, Pl. Ex. 4.) Defendant claims the certification requirement will ensure that Plaintiff will perform his duties at a high level of quality and experience, yet fails to explain why Plaintiff is required to be certified to obtain the published Purchasing Agent salary, but the younger Mr. Darr was not required to be certified. (Affidavit of Mayor Reyes ¶ 5, Def.'s Reply Ex. A.) These facts tend to show that Defendant did not impose a certification requirement on Plaintiff's younger predecessor and that Defendant was using the certification requirement as an excuse for paying Plaintiff the lower salary. Plaintiff has met his burden of showing pretext. *See Reeves*, 530 U.S. at 148; *Goodwin*, 275 F. 2d at 1013. Defendant's Motion for Summary Judgment should be denied with respect to Plaintiff's ADEA claim.

**B.      Whether Defendant is entitled to summary judgment on Plaintiff's breach of contract claim.**

Defendant does not dispute that its Employee Handbook created an employment contract. Plaintiff contends that Defendant failed to follow its own policies and procedures by failing to pay him the salary set out in the Position Classification Plan. (Resp. in Opp. to Def.'s Mot. for Summ. J. at 10-11.) New Mexico substantive law applies to this supplemental claim. *See BankOklahoma Mortgage Corp. v. Capital Title Co.,* 194 F. 3d 1089, 1103 (10th Cir. 1999). Under New Mexico law, an employer creates an implied contract of employment where its words and actions create a reasonable expectation. *See Hartbarger v. Frank Paxton Co.*, 115 N.M. 665, 668, 857 P. 2d 776,

779 (1993). "An implied contract is created only where an employer creates a reasonable expectation. The reasonableness of expectations is measured by just how definite, specific, or explicit has been the representation or conduct relied upon." *Id.*, 115 N.M. at 672, 857 P. 2d at 783.

Defendant argues that the parties never reached a mutual agreement that Plaintiff would be paid the same salary as Mr. Darr. This contention is difficult to reconcile with Defendant's published Position Classification Plan that unequivocally set the higher salary rate for the position of Purchasing Agent. (Position Classification Plan, Pl. Ex. 6.) At the very least, the facts are in dispute as to the parties' understanding.

Defendant additionally asserts that Plaintiff failed to exhaust his administrative remedies with respect to his breach of contract claim, as supposedly required by the Employee Handbook. However, Plaintiff requested a raise from the Mayor, Barbara Kilough, Councilman Jimmy Boyce, and Human Resources Director Michael Shishulski. (Deposition of Pl. at 53, 61, 62, 66, 68, 76-77, Pl. Ex. 4). After unsuccessfully raising his claim with his superiors, Plaintiff filed a charge of discrimination with the EEOC. (Deposition of Pl. at 62  Pl. Ex.4.) The grievance procedure in Defendant's employee handbook does not state that it is an exclusive remedy for employees to address disputes and provides no mechanism for judicial review. (City of Artesia Employee Handbook §§2.40.140 through 2.40.143, Pl. Ex. 1.) The facts are in dispute as to this issue as well.

The Court has examined the record and made all reasonable inferences in the light most favorable to Plaintiff. *Munoz*, 221 F.3d at 1164. Because material facts remain in dispute as to Plaintiff's breach of contract claim, summary judgment would be inappropriate.[1] Defendant's Motion

---

[1] Defendant's Motion to Amend Pretrial Order was granted on March 26, 2002. Although the amendment came after the dispositive motion deadline, Defendant may present a statute of limitations defense to the breach of contract claim at trial. *See Tull v. City of Albuquerque*, 120

11

for Summary Judgment should be denied with respect to Plaintiff's claim for breach of implied employment contract.

**V.     Conclusion.**

Upon review of the evidence presented, the Court has determined that Defendant's Motion for Summary Judgment (Doc. 34), filed March 18, 2002, should be **DENIED**.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. 34), filed March 18, 2002, is hereby **DENIED.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**

---

N.M. 829, 830, 907 P.2d 1010, 1111 (Ct. App. 1995)